**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENNIS CHARLES PORTER,

                  Petitioner,

                                          CIVIL NO. 2:12-CV-11287

v.                                     HONORABLE DENISE PAGE HOOD
                                          UNITED STATES DISTRICT COURT

LINDA SANDERS,

                  Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT**
**OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND**
**GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

      Dennis Charles Porter, ("Petitioner"), presently incarcerated at the United

States Penitentiary in Lompoc, California, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2241(c)(3).[1]  In his *pro se* application, petitioner

challenges the State of Michigan's failure to bring him to trial in the Wayne

County Circuit Court on pending charges of felonious assault and home invasion.

For the reasons stated below, the petition for writ of habeas corpus is

**DISMISSED WITHOUT PREJUDICE.**

**I.  Background**

---

     [1] Because petitioner's application for a writ of habeas corpus has been brought prior to him being convicted of any crimes, it is proper for him to seek habeas relief under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 4 (6th Cir. 2008).

On May 31, 2009, petitioner was arrested by law enforcement officials in Wayne County, Michigan for felonious assault and home invasion. These charges remain pending against petitioner.

On February 2, 2010, petitioner was charged with conspiracy to possess a controlled substance with intent to distribute and felon in possession of a firearm in the United States District Court for the Eastern District of Michigan. Petitioner pleaded guilty to these charges and was sentenced on January 28, 2011 to 210 months in federal prison. *See United States v. Porter,* U.S.D.C. No. 2:10-CV-20075 (E.D. Mich.)(Tarnow, J.). [2]

Petitioner claims that in June of 2011, he filed a "Motion for Speedy Trial or Disposition of Indictment Information and/or Complaint pursuant to the Interstate Agreement on Detainers Act" with the Wayne County Circuit Court. On July 15, 2011, petitioner received a letter from the judicial secretary to Judge Michael J. Callahan, indicating that the court does not have jurisdiction to writ petitioner out of a federal prison. Petitioner was informed that when his federal sentence is completed, he will be brought back before the Wayne County Circuit Court. Petitioner claims that he has subsequently filed another motion with the Wayne County Circuit Court, in which he seeks to be brought back for trial or to have the pending detainers dismissed against him. There is no indication from the petition

---

[2]  This Court obtained this information, including the correct date of petitioner's sentence, from this Court's own website. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding, *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).

that the Wayne County Circuit Court has adjudicated this motion.  More importantly, there is no allegation from petitioner that he has filed an appeal with the Michigan Court of Appeals or the Michigan Supreme Court. [3]

Petitioner seeks a writ of habeas corpus, claiming that the State of Michigan is violating his Sixth Amendment right to a speedy trial by failing to comply with the Interstate Agreement on Detainers Act (IAD) and bring petitioner back to Michigan to stand trial on his pending state criminal charges.

## II.  Discussion

The instant petition must be dismissed, because petitioner has yet to be convicted of any criminal charges in this case.  In the absence of "special circumstances", federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No.

---

[3]  There is no indication from the Michigan Court of Appeals' website or from Westlaw that the petitioner ever appealed the denial of his motion or motions to the Michigan Court of Appeals or the Michigan Supreme Court.  The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

2005 WL 2291000, *1 (E.D. Mich. September 19, 2005).  Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981).  Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994).  The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner.  One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622, n. 2.  Petitioner does not allege that the pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pretrial habeas petition in

4

which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547.  Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

Petitioner contends that the State of Michigan has violated his Sixth Amendment right to a speedy trial and the Interstate Agreement on Detainers Act (IAD) by refusing to bring him back to Michigan to stand trial on his pending criminal charges.  This Court is unable to provide petitioner with the relief he seeks for two reasons.

First, to the extent that petitioner seeks dismissal of his pending criminal charges, he would not be entitled to habeas relief.  Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F. 2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999).  To the extent that petitioner is seeking to dismiss this pending state criminal case outright, he would not be entitled to habeas relief because this is something which the Court does not have the power to do. *Hirsch,* 66 F. Supp. 2d at 987.  When a habeas

5

petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1ˢᵗ Cir. 2000)(internal citations omitted).

Secondly, to the extent that petitioner is seeking to compel the state court to bring him to trial, his habeas petition is premature because petitioner has yet to exhaust his state court remedies.  The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5ᵗʰ Cir. 1987); *See also Dillon v. Hutchinson,* 82 Fed.Appx. 459, 461-62 (6ᵗʰ Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his IAD claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from considering the merits of petitioner's claims concerning those charges).  Petitioner would not be entitled to a writ of habeas corpus to compel the state trial court to bring him to trial in a prompt manner, because he has not exhausted his state court remedies with respect to any such claim. *Dickerson,* 816 F. 2d at 228.  Under Michigan law, if a criminal defendant's pre-trial motion is improperly overruled, he may file an emergency interlocutory

6

appeal with the Michigan appellate courts. *See People v. Reid,* 113 Mich. App.
262, 268; 317 N.W. 2d 589 (1982).  In addition, to the extent that petitioner
alleges that the trial court has failed to adjudicate his pre-trial motion, petitioner
could seek an order of superintending control from the Michigan Court of Appeals
pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Wayne
County Circuit Court to adjudicate his pre-trial motion.  If the Michigan Court of
Appeals failed to issue an order of superintending control, petitioner could seek
an order of superintending control from the Michigan Supreme Court pursuant to
M.C.R. 7.301(A)(6).  Finally, to the extent that petitioner suggests that it would be
futile to exhaust his remedies in state court, petitioner's failure to pursue his
claims in state court "disqualifies his case from consideration under the narrow
exception[to the exhaustion requirement]". *Dillon,* 82 Fed. Appx. at 462.  Because
there is no indication that petitioner raised his speedy trial claims with the
Michigan appellate courts, his claims are unexhausted. *Compare Atkins v. People
of the State of Michigan*, 644 F. 2d at 548.

Accordingly, the Court will deny the habeas petition without requiring
respondent to answer, because it appears from the application that petitioner is
not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d
859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

7

The Court will dismiss the petition for writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001)(a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998)(pretrial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should

8

receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  In particular, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 Fed Appx. 713, 717 (10th Cir. 2009).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

9

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 16, 2012

I hereby certify that a copy of the foregoing document was served upon Dennis Charles Porter #44185-039, 3901 Klein Blvd, Lompoc, CA 93436 and counsel of record on April 16, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager